IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. VAUGHN, | No. C-11-4274 TEH (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING APPOINTMENT OF COUNSEL |
|     v. | |
| MICHAEL D. MCDONALD, Warden, | |
|     Respondent. | (Doc. ## 2, 3 & 5) |

Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court. Doc. #1. He also seeks appointment of counsel (Doc. #2) and leave to proceed in forma pauperis. Doc. ## 3 & 5.

I

According to the Petition, in 2006, Petitioner was sentenced to 16 years in state prison following his convictions by jury in Alameda County Superior Court of various sexual assault

crimes against minor victims. Doc. #1. Petitioner sought post-conviction relief in the state superior and appellate courts until the California Supreme Court denied his petition for review on August 11, 2010. Doc. #1 at 14. The instant federal Petition for a Writ of Habeas Corpus followed.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging the "sole contention" that the evidence was insufficient to support the charge of continuous sexual abuse against "Jane Doe," the victim charged in Count Nine. Doc. #1 at 6 & 9-12. Liberally construed, Petitioner's claim appears cognizable under 28 U.S.C. § 2254 and merits an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

//
//
//
//

2

**III**

The Sixth Amendment's right to counsel does not apply in habeas proceedings. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Id.; see 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's claim was adequately presented in the Petition. Consequently, at the present time, the interests of justice do not require appointment of counsel in the instant case. The Court will, however, appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**IV**

For the foregoing reasons and for good cause shown,

1.  Petitioner's requests to proceed in forma pauperis (Doc. ## 3 & 5) are GRANTED.

2.  Petitioner's request for appointment of counsel (Doc. #2) is DENIED.

3.  The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

3

4. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

5. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

//
//
//
//
//
//
//
//

**4**

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED  *12/14/2011*

**THELTON E. HENDERSON**
United States District Judge

G:\PRO-SE\TEH\HC.11\Vaughn-11-4274-osc-grant ifp-deny counsel.wpd

5